By the Court, Barbour, J.
This is an appeal from an order denying a motion for an injunction pendente lite, restraining the defendants from removing the plaintiff by a summary proceeding; the action being brought by a tenant against his landlord to compel the execution of a renewed lease.
The evidence read upon the motion shows that by the terms of the original lease the tenant was entitled to a renewal, provided he should, within a certain period, give notice in writing to the landlord of his intention to take the same, and insert in such notice the name and residence of an arbitrator appointed by him; that a like arbitrator should, in that case, be appointed by the landlord within ten days thereafter, and that such arbitrators should determine the amount of rent to be paid, or, if they should fail to agree, then the amount of the rent should be fixed, on or before the 10th of February, by the two arbitrators together with an umpire to be chosen by them. It further appeared that the notice was duly given, including the name, &c. of the plaintiff’s arbitrator, and that the landlord, within ten days, appointed one on his part: that the arbitrators failed to agree as to the amount of the rent, and, thereupon, mutually appointed an umpire; that, after such appointment, and prior to any determination by them, the landlord withdrew and revoked the appointment of his arbitrator, who thenceforth refused to act with the others. FTotwithstanding this, however, the umpire alone, on the 10th of February, fixed and determined the amount of the rent at $3000 per year; but the landlord refused to execute the new lease as requested by the tenant.
If these facts, when established upon the trial, will *473 entitle the plaintiff to the relief demanded in the complaint, the motion for an injunction pendente lite ought to have been granted. For, the tenant in possession at the termination of. the original lease, cannot, in a summary-proceeding before a magistrate to evict him as holding over after the expiration of his term, avail himself of the fact that he is equitably entitled to a new and further lease from his landlord; that question not being within the jurisdiction of a magistrate, in such a proceeding. The exhibition of the original lease in evidence, with proof of the holding over after that term is ended, will be sufficient to enable the landlord to recover possession of the premises, notwithstanding the equitable right of the tenant to remain and to have an extended lease.
The question, therefore, is, whether the facts set forth in the affidavits constitute a cause of action entitling the plaintiff to the relief demanded.'
The original lease, as has been stated, provides that the amount of the rent shall be fixed by the two arbitrators, or, in case of their disagreement, then, by the two arbitrators together with the umpire; thus making this case an exception to the general rule which authorizes an umpire to render an award by himself, alone, in case neither of the arbitrators shall agree with him. I think, therefore, that the decision of the umpire alone, without the concurrence, so far as appears, of either of the arbitrators, did not legally determine the amount of the rent which the tenant should pay.
But I am of opinion that the act of the landlord in withdrawing his arbitrator must he considered as having prevented the meeting of the three, and the probable agreement of the majority of them in an award; and if that is so, it follows, that, although the amount of the rent has not been determined by the arbitrators, the tenant cannot, without a violation of the principles of equity, be deprived *474 of his right to a renewed lease by this act of the landlord, but that he is now entitled to the lease for such amount of rent as shall be found just and proper upon the trial of this action. It appears to me, therefore, that the learned judge erred in denying the motion for an injunction.
The order appealed from should be reversed, and an order of injunction granted, with costs.